DONG, ADAM'S LAW FIRM PLLC
Adam Dong, Esq.
3708 Main St, Suite 308
Flushing, NY 11354
Tel:   (929) 269-5666
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------------x

Zhongmin Du, a.k.a. Zhong Min Du,

                *Plaintiff*,

                v.

Main 15 Lee Limited Partnership,
Chang Lee,
Ui Kun Lee,

                *Defendants*.

---------------------------------------x

Case No. 23-cv-08403

**COMPLAINT**

Plaintiff Zhongmin Du a.k.a. Zhong Min Du (hereinafter referred to as "Plaintiff"), by and through his attorneys, Dong, Adam's Law Firm PLLC and Adam Dong, Esq., hereby brings this complaint against Defendants Main 15 Lee Limited Partnership, Chang Lee, Ui Kun Lee (collectively referred to as "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff Zhongmin Du against Defendants for alleged violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a patterned practice of failing to pay the Plaintiff, minimum wage for all hours worked and overtime compensation for all hours

worked over forty (40) each workweek.

3.  Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wage for regular hours worked, (2) unpaid overtime wages, (3) liquidated damages, (3) prejudgment and post-judgment interest; and (4) reasonable attorneys' fees and cost.

4.  Plaintiff alleges pursuant to NYLL § 650 *et seq.,* and 12 New York Codes, Rules and Regulations (NYCRR) that he is entitled to recover from the Defendants: (1) unpaid wage for regular hours worked, (2) unpaid overtime wage, (3) liquidated damages, (4) up to five thousand dollars ($5,000) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) for Defendants' failure to provide a paystub that accurately and truthfully lists Plaintiff's hours along with the employee's name, employer's address and telephone number, employee's rate or rates of pay, and deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (6) prejudgment and post-judgment interest, and (7) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

5.  This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.  Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF

7. From on or about September 1, 2016 to March 31, 2023, Plaintiff Zhongmin Du was employed by Defendants to work as a janitor/superintendent at a commercial building located at 39-15 Main Street, Flushing, NY 11354.

## DEFENDANTS

*Corporate Defendant*

**Main 15 Lee Limited Partnership.**

8. Defendant Main 15 Lee Limited Partnership is a domestic limited partnership formed under the laws of the State of New York with a principal address at 39-15 Main St, Flushing, NY 11354, and a mailing address of P.O. Box 750311, Flushing, NY 11375.

9. Main 15 Lee Limited Partnership is a business engaged in interstate commerce that has gross revenue in excess of five hundred thousand dollars ($500,000.00) per year.

10. Main 15 Lee Limited Partnership purchased and handled goods moved in interstate commerce.

11. Main 15 Lee Limited Partnership was and continues to be an enterprise engaged in commerce within the meaning of the FLSA.

12. The work performed by Plaintiff was directly essential to the business operated by Main 15 Lee Limited Partnership.

**Owner/ Operator Defendants**

13. Ui Kun Lee, known as "Older Boss" to Plaintiff, is a partner at Main 15 Lee Limited Partnership, Ui Kun Lee (1) had the power to hire and fire employees on behalf of Corporate Defendant, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Main 15 Lee Limited Partnership.

14. Ui Kun Lee hired Plaintiff.

15. Ui Kun Lee determined Plaintiff' work schedule, directed Plaintiff when to come and leave work.

16. Ui Kun Lee supervised Plaintiff, and directed Plaintiff how to perform his work.

17. Ui Kun Lee determined Plaintiff' rates of pay.

18. Ui Kun Lee signed all paychecks to employees of A & T Engineering, P.C.

19. Ui Kun Lee maintained all employee records and business records of Main 15 Lee Limited Partnership.

20. Ui Kun Lee acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Main 15 Lee Limited Partnership.

21. Chang Lee, known as "young boss" to Plaintiff, is the son of Ui Kun Lee, he is also the office manager of Main 15 Lee Limited Partnership. Chang Lee also (1) had the power to hire and fire employees on behalf of Corporate Defendant, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Main 15 Lee Limited Partnership.

22. Chang Lee had authority to hire and fire employees on behalf of Main 15 Lee Limited Partnership.

23. Chang Lee had authority to determine Plaintiff's work schedule.

24. Chang Lee supervised and directed Plaintiff how to perform his work.

25. Chang Lee started to have authority to sign paychecks on behalf of Main 15 Lee Limited Partnership starting from on or about January 2022.

26. Chang Lee maintained employee records and business records of Main 15 Lee Limited

Partnership, P.C.

27. Chang Lee acted intentionally and maliciously, and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Main 15 Lee Limited Partnership.

## STATEMENT OF FACTS

28. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff at least the minimum wage under FLSA and NYLL for all hours worked.

29. Defendants systematically deducted three hours for "breaks" each workday, despite that Plaintiff was required to be on standby during these "break hours," and often worked during these "break hours." Defendants never compensated Plaintiff for these "break hours," and these "break hours" were never calculated into Plaintiff's overtime hours.

30. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the lawful overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

31. While employed by Defendants, Plaintiff was not exempt under federal or state laws requiring employers to pay employees overtime compensation.

32. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

33. Defendants knowingly and willfully failed to provide Plaintiff with a Time of Hire Notice reflecting true rates of pay and payday, as well as paystub that correctly lists Plaintiff's actual work hours in a given week.

*Plaintiff Zhongmin Du*

34. From on or about September 1, 2016 to March 31, 2023, Plaintiff Zhongmin Du was

employed by Defendants to work as a janitor or superintendent at Defendants' commercial building located at 39-15 Main Street, Flushing, NY 11354.

35. Throughout Mr. Du's employment at Main 15 Lee Limited Partnership, Mr. Du was paid on an hourly basis.

36. From on or about January 1, 2017 to December 31, 2017, Mr. Du's regular hourly rate was $10.50 per hour, and overtime rate was $15.75.

37. From on or about January 1, 2018 to December 31, 2018, Mr. Du's regular hourly rate was $12.00 per hour, and overtime rate was $18.00.

38. From on or about January 1, 2019 to December 31, 2019, Mr. Du's regular hourly rate was $13.50 per hour, and overtime rate was $20.25.

39. From on or about January 1, 2020 to March 31, 2023, Mr. Du's regular hourly rate was $15.00 per hour, and overtime rate was $22.50.

40. Throughout Mr. Du's employment at Main 15 Lee Limited Partnership, his "scheduled work hours" were supposed to be from 8 am to 8 pm on Mondays through Fridays, and from 8 am to 5 pm on Saturdays. However, Mr. Du was directed by Defendants to come one hour early at 7 am each day to start his work. Mr. Du was never compensated for his extra hour of work each day.

41. Started in 2017, Defendants systematically deducted three hours each day from Plaintiff's hours for so called "break hours," during these break hours, Plaintiff was not relieved from his duties, in fact, Ui Kun Lee explicitly told Mr. Du that he is required to be on standby during these break hours and must return to work when called upon. Mr. Du often worked during these break hours, and on some days were directed by Defendants to work at other buildings owned by Defendants in other parts of Queens, NY and Long Island, NY.

42. Mr. Du was never compensated for these so called "break hours" despite he was required

to be on standby during these break hours, and often worked during these break hours.

43. When computing Mr. Du's wage, Defendants only computed Mr. Du's "scheduled hours" but not Mr. Du's actual hours worked.

44. For each workday, Defendants failed to compute the extra one hour of work, and the three hours of "break hours," for a total of four hours per workday. Defendants willfully failed to compensate Mr. Du for these hours of work.

45. While employed by Defendants, Mr. Du was not exempt under federal or state laws from receiving minimum wage or overtime pay.

46. At all relevant times, Defendants did not provide Mr. Du with a Time of Hire Notice detailing rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

47. At all relevant times, Defendants did not provide Mr. Du with a statements every payday that accurately listed all of the following: the dates of work covered by the payment of wages; the employee's name; the name of the employer; the address and phone number of employer; the employee's rate or rates of pay and basis thereof; the employee's gross wages; the employees' deductions; allowances, if any, claimed as part of the minimum wage; net wages; the employee's regular hourly rate or rates of pay; the employee's overtime rate or rates of pay; the employee's number of regular hours worked, and the employee's number of overtime hours worked.

48. Defendants failed to keep full and accurate records of Plaintiff's hour and wages.

49. Defendants failed to maintain accurate and sufficient time records of employees' hours worked, failed to provide such records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the New York Labor Law.

## STATEMENT OF CLAIMS

### COUNT I

**[Violations of New York Labor Law—Minimum Wage/ Unpaid Wage]**

50. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL §§ 2 and 651.

52. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, for the extra four hours Plaintiff was required to work on each workday.

53. Defendants knowingly and willfully violated Plaintiff's by failing to pay him minimum wages in the lawful amount for his hours worked.

54. By failing to pay Plaintiff, Plaintiff is entitled to recover from Defendants his full unpaid wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action, and interest pursuant to NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and NY Wage Theft Prevention Act (NYWTPA).

### COUNT II

**[Violation of Fair Labor Standards Act— Unpaid Minimum Wage]**

55. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

56. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, for the extra four hours Plaintiff was required to work on each workday.

57. The FLSA provides that any employer who violates the provisions of 29. U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

58. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff for some or all of his hours worked when Defendants knew or should have known that their actions would financially injure Plaintiff.

59. By failing to pay Plaintiff, Plaintiff is entitled to recover from Defendants his full unpaid wage, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action, and interest.

## COUNT III

**[Violation of Fair Labor Standards Act— Failure to Pay Overtime]**

60. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one half times the regular rate at which he is employed, or one and one half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

62. The FLSA provides that any employer who violates the provision of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

63. Defendants' failure to pay Plaintiff his proper overtime pay violated the FLSA.

64. At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay the proper overtime pay to Plaintiff at one and one half times of his regular hourly rate for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA. 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. The FLSA and supporting regulations requires employers to notify employees of employment law requirements. 9 C.F.R. § 516.4.

66. Defendants willfully failed to notify Plaintiff of the requirements of the employment law in order to facilitate their exploitation of Plaintiff.

67. Defendants knew or should have known that by failing to pay Plaintiff the proper overtime pay, Plaintiff would be financially injured.

68. By failing to pay Plaintiff, Plaintiff is entitled to recover from Defendants his full unpaid overtime wage, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action, and interest.

## COUNT IV

**[Violation of New York Labor Law— Failure to Provide Time of Hire Notice]**

69. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances. If any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the

employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

71. Defendants failed to provide such notice to Plaintiff at the time of his hiring, or ten days within his hiring.

72. Due to Defendants' violation, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that violation occurred or continued to occur, up to $5000, together with cost and attorney's fees pursuant to NYLL § 198.

## COUNT V

**[Violation of New York Labor Law— Failure to Provide Pay Statement]**

73. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. NYLL and supporting regulations require employers to provide detailed pay statement information to employees every payday. NYLL § 195-1(d).

75. Defendants failed to provide such pay statement to Plaintiff on the day he gets paid.

76. Due to Defendants' violation, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday that violation occurred or continued to occur, up to $5000, together with cost and attorney's fees pursuant to NYLL § 198.

## COUNT VI

**[Violation of New York Labor Law— Failure to Pay Overtime]**

77. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. At all relevant times, Defendants had a policy and practice of refusing to pay the proper

overtime pay to the Plaintiff based on his actual hours worked.

79. By failing to pay Plaintiff, Plaintiff is entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action, and interest pursuant to NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and NY Wage Theft Prevention Act (NYWTPA).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the NYLL and FLSA;

b) An injunction against Corporate Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

c) An award of unpaid minimum wage and overtime wages due under the FLSA and NYLL plus compensatory and liquidated damages;

d) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216.

e) Up to $5,000.00 to Plaintiff for Defendants' failure to provide a time of hire notice detailing rates of pay and payday;

f) Up to $5,000.00 to Plaintiff for Defendants' failure to provide a paystub that conforms with NYLL § 195(3).

g) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

h) The cost and disbursements of this action;

i) An award of prejudgment and post-judgment fees;

j) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent as required by NYLL § 198(4); and

k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
      November 13, 2023

Respectfully submitted,

Dong, Adam's Law Firm PLLC

    /s/ Adam Dong
Adam Dong, Esq.
3708 Main St, Ste 308
Flushing, NY 11354
Tel: (929) 269-5666
Email: adam.dong@dongadams.com

*Attorneys for the Plaintiff*